UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| REGIONAL MULTIPLE LISTING SERVICE OF MINNESOTA, INC., *doing business as NorthStarMLS*,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME REALTY NETWORK, INC.,<br><br>Defendant. | Civil No. 12-965 (JRT/FLN)<br><br>**ORDER** |

Calvin L. Litsey, Mary Andreleita Walker, and Richard A. Duncan, **FAEGRE BAKER DANIELS LLP**, 90 South 7th Street, Suite 2200, Minneapolis, MN  55402; Jared B. Briant, **FAEGRE BAKER DANIELS LLP**, 1700 Lincoln Street, Suite 3200, Denver, CO  80203; and Brian N. Larson and Mitchell A. Skinner, **LARSON/SOBOTKA PLLC**, 2701 University Avenue Southeast, Suite 201, Minneapolis, MN  55414, for plaintiff.

Chad A. Snyder, Adam P. F. Gislason, Matthew D. Schwandt, and Michael H. Frasier, **SNYDER GISLASON FRASIER LLC**, 233 Park Avenue South, Suite 205, Minneapolis, MN  55415, for defendant.

Plaintiff Regional Multiple Listing Service of Minnesota, Inc. ("RMLS") moved the Court to modify its Preliminary Injunction Order issued July 5, 2013 to eliminate the requirement that RMLS remove watermarks from photographs on its listing service for which it does not own a copyright.  (Mot. to Modify Amended Preliminary Injunction, July 18, 2013, Docket No. 131.)  The Court issued an order eliminating the requirement, but requiring RMLS to propose an alternative method by which to indicate to defendant

American Home Realty Network ("AHRN") and to the Court which photographs in RMLS's listing database are subject to the Court's preliminary injunction order.  (Mem. Op. and Order, Dec. 10, 2013, Docket No. 265.)  The Court gave RMLS ten days to submit a proposed alternative and AHRN ten days to respond.

The parties have submitted their respective proposal and response.  (Letter to District Judge, Dec. 20, 2013, Docket No. 270; Letter to District Judge, Dec. 30, 2013, Docket No. 278.)  RMLS proposes to prospectively add a visually-perceptible watermark, "© RMLSMN," to only those photographs for which it owns a copyright.  It also proposes to investigate the feasibility of using software to embed a digital watermark so that AHRN could use software to detect and distinguish the watermarked photos.  RMLS further explains that it will apply the new watermark only to photographs that are associated with a listing for which the broker/participant selected "Option I" (meaning that the broker/participant assigned part of the copyright of all photographs for that broker/participant to RMLS) and for which the agent/subscriber posting a listing confirms that the agent/subscriber owns the copyright for the photographs in that listing (either by having taken the photographs or through a written assignment).[1]  RMLS also indicates that it will improve its tracking system so that it can easily identify both

---

[1] Under Option II, the broker/participant retains any and all copyright to the photographs, without assigning any copyright to RMLS.  The parties appear to use the terms "broker" and "participant" to refer to the member entities of RMLS, such as Edina Realty, which enter into the participant agreement through which they select either Option I or II.  The parties appear to use the terms "agent" and "subscriber" to refer to the individual agents associated with a broker/participant that post individual listings in the RMLS database.  The Court will adopt these naming norms.

whether uploaded photographs are associated with an Option I or Option II participant agreement and whether, on a listing-by-listing basis, an RMLS agent/subscriber owns the copyright for the photographs in the listing.

AHRN generally approves of RMLS's proposal, but seeks clarification and greater detail on two general issues: identification of the source of RMLS's copyright ownership and AHRN's ability to detect the watermark.  On the first, AHRN requests that the Court require RMLS to provide copies of all of the participant agreements in which broker/participants have selected either Option I or II.  AHRN also raises several concerns with the adequacy of agents/subscribers' warranty and confirmation that they own the copyright to the photographs in a listing and seeks to require RMLS to ask three specific questions during the photograph upload process.  Relatedly, AHRN seeks to require RMLS to obtain clarification of the agent/subscriber's copyright ownership on a photograph-by-photograph basis when a single listing might include photographs with different copyright ownership.

With regard to AHRN's ability to detect the watermark, AHRN would require RMLS to report back on its investigation into the feasibility of digital watermark software within thirty days rather than sixty days.  In the meantime, AHRN seeks the opportunity to correct any mistakes made by its optical reading software because reading the watermarks optically is less accurate than reading a digital watermark.

The Court will adopt RMLS's proposal with an addition proposed by AHRN to provide AHRN an opportunity to correct erroneous postings in a timely fashion.  Most of the additional clarification and requirements sought by AHRN are not necessary at this

stage: It is reasonable for RMLS to rely on agents/subscribers' assertions and confirmations of copyright ownership on a listing-by-listing basis for the purposes of the preliminary injunction. The Court deems sixty days sufficient and appropriate for RMLS to investigate the feasibility of digital watermark software; AHRN has adequate alternative methods to review RMLS's photographs for the watermark without such software.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that paragraph 2 of the preliminary injunction order (as set out in Docket No. 35, Docket No. 121, and Docket No. 265) is **AMENDED.** Paragraph 2 of the preliminary injunction order shall now read as follows:

(a) Defendant, along with any of its officers, directors, subsidiaries, and successors, and all persons and entities acting in concert therewith, are immediately and until further order of this Court **PRELIMINARILY ENJOINED** from engaging in any unauthorized copying, display, use, and/or public distribution of:

(1) the works covered by U.S. Copyright Reg. Nos. TX VA 1-432-912; VA 1-432-913; VA 1-432-914; and VA 1-432-917, and

(2) the photographs from the listings of Twin Oaks and Countryside attached to the November 15, 2012, Declaration of Michael Bisping;

(b) Defendant, along with any of its officers, directors, subsidiaries, and successors, and all persons and entities acting in concert therewith, are immediately and until further order of this Court **PRELIMINARILY ENJOINED** from engaging in any unauthorized copying, display, use, and/or public distribution of any other photographs in which Plaintiff owns or co-owns the copyright and for which Plaintiff

(1) has affixed a visually-perceptible watermark to the photograph in the form of "© RMLSMN," and

(2) has obtained duly-executed and complete written agreements assigning or transferring copyright ownership or co-ownership in the photograph (agreements may be in the form of electronic writings and signatures) from the party representing or warranting its right to assign or transfer copyright ownership or co-ownership in the photograph;

(c) Plaintiff shall also undertake the following steps:

(1) Plaintiff will determine whether it is feasible for Plaintiff to implement a process in which it also provides a digitally-embedded watermark using Digimarc or other technology for the photographs to which RMLS has applied the "© RMLSMN" watermark in accordance with paragraph 2(b) above. Plaintiff will report back to the Court and Defendant by letter which process it intends to implement (or explain why it cannot be implemented) but

shall in any event provide a status report to the Court no later than sixty (60) days from the date of this Order, and

(2)     Plaintiff will include in its system for uploading photographs to the NorthstarMLS database a procedure by which the party uploading the photographs indicates whether or not the uploading party owns a copyright in the uploaded photographs, and

(3)     In the event Plaintiff learns of any photograph bearing the "© RMLSMN" watermark appearing on the neighborcity.com website, or otherwise being used or displayed by Defendant, Plaintiff shall promptly notify Defendant of the photograph.  Defendant will have three business days after such notice to remove the photograph and to notify Plaintiff that it has done so.  If Defendant fails to remove the photograph within three days of receiving notice from Plaintiff, then Plaintiff may file a motion seeking to have Defendant held in contempt of this Order.

DATED:   January 8, 2014  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge